UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

WILLIE FRANCISCO                         CIVIL ACTION NO. 6:13-cv-00815

VERSUS                                   JUDGE DOHERTY

MICHAEL EDMONDSON, ET AL.                MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the defendants' motion for dismissal of the plaintiff's complaint, under Rule 12(b)(6) for failure to state a claim or under Rule 12(b)(1) for lack of subject-matter jurisdiction.  (Rec. Doc. 6).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  (Rec. Doc. 9). Oral argument on the motion was held on April 22, 2014.  The motion was taken under advisement, and the parties were ordered to file post-hearing briefs addressing the issue of whether and when the complaint was first filed.  (Rec. Doc. 18).  The plaintiff complied with the order and filed a post-hearing brief.  (Rec. Doc. 19). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

## FACTUAL  BACKGROUND

The plaintiff's complaint asserts claims arising under federal and state law.  He contends that his Fourth and Fourteenth Amendment rights were violated, supporting

an action under 42 U.S.C. §§ 1983, 1985, and 1988.  He also contends that the Louisiana Constitution and Louisiana Civil Code Article 2315 were violated, supporting claims for false arrest, false imprisonment, and malicious prosecution under Louisiana state law.

According to the complaint, a single-vehicle accident occurred on Highway 182 in St. Martin Parish on January 9, 2010.  The driver of the truck allegedly lost control, and the vehicle flipped over.  Herman Brown, Deondrick Brown, and Kamon Bobb were all ejected from the vehicle.  Bobb died as a result of his injuries.

There is a factual question concerning who was driving the truck at the time of the accident.  According to the allegations of the plaintiff's complaint, Katrina Trahan claims that she saw someone in a red shirt driving the truck before the accident, while Trisha Lee and Shawanna Lee claim that they saw Francisco climb out the driver's side window after the accident.  The complaint alleges, however, that Deondrick Brown contends that only three people were in the truck when it crashed and that Herman Brown was driving.  The complaint also alleges that Bobb was sitting behind the driver and Deondrick Brown was sitting behind the passenger seat when the accident occurred.  The complaint alleges that Herman Brown contends that he was sitting in front of Bobb before the accident; however, when interviewed on January 29, 2010, he stated that he has a head injury and no memory of the accident.

-2-

The complaint alleges that a State Police accident reconstructionist testified that it is likely that, because Bobb and Herman Brown were found lying next to each other, they were probably ejected from the driver's side front and side windows at the same time.

Francisco was allegedly arrested on March 12, 2010 and charged with negligent homicide and other crimes in connection with this motor vehicle accident. He allegedly remained incarcerated until April 19, 2012 when the charges were dismissed.

Notably, the complaint does not allege that Francisco was not in the truck at the time of the accident nor does it allege that he was not driving the truck.  The complaint does expressly allege, however, that Francisco was wearing a seatbelt and therefore was not ejected.  Thus, in a roundabout way, Francisco admits being in the truck but does not admit that he was driving.  This conflicts with the allegations concerning Deondrick Brown's contention that there were only three people in the truck.  A genuine factual issue exists concerning who was driving the truck at the time of the accident.

In this lawsuit, Francisco sued four Louisiana State Police officers:  Col. Mike Edmondson, Trooper Stephen Bruner, Sgt. Tim Hanks, and TFC Bart Bouillion.  He asserts claims under the 4th and 14th Amendments and under 42 U.S.C. §§ 1983, 1985,

and 1988. He alleges that Bruner obtained the arrest warrant, then Bruner, Bouillion, and Hanks arrested him. He was allegedly charged with negligent homicide, two counts of negligent injuring, hit and run, and driving without a license. Then he was turned over to St. Martin Parish officials and incarcerated. All of the troopers are sued in their official capacities. Edmondson is also sued in his individual capacity. Francisco also alleges state-law tort claims of false arrest, false imprisonment, and malicious prosecution with regard to all four defendants.

<u>ANALYSIS</u>

The pending motion to dismiss was filed on behalf of all four State Troopers and argues, first, that this Court lacks subject-matter jurisdiction over the claims asserted against the defendants in their official capacities, and, second, that the plaintiff is unable to state a claim against the four defendants.

**I.** **DOES THIS COURT HAVE SUBJECT-MATTER JURISDICTION OVER THE PLAINTIFF'S CLAIMS?**

    **A.** **THE STANDARD FOR ANALYZING A RULE 12(b)(1) MOTION TO DISMISS**

A motion filed under Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction.[1] "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

-4-

facts in support of his claim that would entitle plaintiff to relief."[2]  In evaluating a Rule 12(b)(1) motion, the court may examine "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts,"[3] and must accept all factual allegations in the plaintiff's complaint as true.[4]  In response to a Rule 12(b)(1) motion, the party asserting jurisdiction has the burden of proving that jurisdiction is proper.[5]  Accordingly, in this case, which was filed by the plaintiff in this forum, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[6]

## B.   THIS COURT LACKS JURISDICTION OVER THE CLAIMS ASSERTED AGAINST THE TROOPERS IN THEIR OFFICIAL CAPACITIES

The defendants argue that this Court lacks subject-matter jurisdiction over the plaintiff's claims against the four state troopers in their official capacities because a

---

[2]   *Ramming v. United States*, 281 F.3d at 161, citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  See, also, *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).

[3]   *Ramming v. United States*, 281 F.3d at 161, citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

[4]   *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

[5]   *Ramming v. United States*, 281 F.3d at 161.

[6]   *Ramming v. United States*, 281 F.3d at 161, citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

suit against a Louisiana state trooper is actually a suit against the State of Louisiana, and principles of sovereign immunity preclude suit against the state in federal court. The undersigned finds that this argument has merit.

The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state has consented to suit or Congress has expressly abrogated immunity.[7]  Louisiana has not waived sovereign immunity.[8]  Instead, the Louisiana legislature enacted La. R.S. 13:5106(A), which expressly prohibits suits against the State of Louisiana, a state agency, or a political subdivision of the state in any court other than a Louisiana state court.  Further, Congress did not abrogate the states' Eleventh Amendment immunity by enacting Section 1983.[9]  Therefore, Section 1983 suits against state agencies are barred by sovereign immunity.

It is well-settled in the Fifth Circuit that state agencies that are considered arms of the state are entitled to Eleventh Amendment immunity from suit in federal court.[10] Although commonly referred to simply as the "Louisiana State Police," Louisiana's

---

[7]      *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

[8]      *Raj v. Louisiana State Univ.*, 714 F.3d at 328.

[9]      *Cozzo v. Tangipahoa Parish Council--President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002); *Brennan v. Stewart*, 834 F.2d 1248, 1251 (5th Cir. 1988); *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[10]     *Richardson v. Southern University*, 118 F.3d 450452–453 (5th Cir. 1997).

statewide law enforcement agency is actually an office within the state's Department of Public Safety and Corrections.[11]  Furthermore, "[t]he Louisiana Department of Public Safety and Corrections, Office of State Police, is an agency of the State of Louisiana which has Eleventh Amendment immunity from suit in federal court."[12] Several district courts within the Fifth Circuit have addressed this issue and have held that the Louisiana State Police is considered an arm of the state entitled to Eleventh Amendment immunity.[13]

A lawsuit brought against a state official or employee in his official capacity is generally perceived to be an alternative way of asserting an action against the state

---

[11]     See, e.g., *Kervin v. City of New Orleans*, No. 06-3231, 2006 WL 2849861, at *1, n. 1 (E.D. La. Sept. 28, 2006)

[12]     *Wright ex rel. Byrom v. Louisiana Dep't of Pub. Safety & Corr*., No. 06-0769, 2006 WL 3533121, at *1 (W.D. La. Oct. 23, 2006).  See, also, *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (holding that the Eleventh Amendment bars a Section 1983 claim against the Louisiana Department of Public Safety and Corrections); La. R.S. 40:1301 (which created the Department of Public Safety and states that the state police is a division of that department); La. R.S. 36:401, which created the Department of Public Safety and Corrections as a part of the executive branch of Louisiana state government; and La. R.S. 36:405(A)(1)(a), which states that "[t]he office of state police shall be under the immediate supervision and direction of the deputy secretary for public safety services."

[13]     See, e.g., *Lavergne v. Louisiana State Police*, No. 6:13-2189, 2014 WL 906285, at *3 (W.D. La. Mar. 7, 2014); *Cupps v. Louisiana State Police*, 2013 WL 2302688, *2 (M.D. La. May 24, 2013); *Hebert v. Louisiana*, No. 12-2116, 2013 WL 352277, *3 (E.D. La. Jan. 29, 2013). *Waldrop v. Bethancourt*, 2010 WL 3312501, *2-3 (E.D. La. July 21, 2010); *Higginbotham v. Jones*, 2010 WL 1662475, *2 (W.D. La. Mar. 10, 2010); *Francis v. Terrebonne Parish Sheriffs Office*, 2009 WL 4730707, *3 (E.D. La. Dec. 9, 2009); *Ougel v. McComb Police Dept*., 2008 WL 186340, at *2 (E.D. La. Jan. 17, 2008); *Noble v. Norfolk Southern Corp*., 2003 WL 1618590, * 6 (E.D. La. Mar. 26, 2003).

entity that employs the individual.[14] But personal-capacity lawsuits seek to impose individual liability upon a government officer for his actions.[15] Therefore, the Eleventh Amendment bars the former type of claim but not the latter.[16] If the Eleventh Amendment bars suit against a state agency, it also bars official-capacity suits against the employees of that agency.[17]

"A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity."[18] Therefore, this Court lacks subject-matter jurisdiction over the claims asserted by the plaintiff in this lawsuit against the defendant state troopers in their official capacities.

State law claims are also barred by Eleventh Amendment immunity.[19] Therefore, this Court also lacks subject-matter jurisdiction over the state law claims asserted against the state troopers in their official capacities.

---

[14]     See, e.g., *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009); *New Orleans Towing Ass'n v. Foster*, 248 F.3d 1143, at *3 (5th Cir. 2001) (unpublished opinion); *Monell v. Dept. of Soc. Serv.'s of City of New York*, 436 U.S. 658, 690 n. 55 (1978).

[15]     *Goodman v. Harris Cnty.*, 571 F.3d at 395.

[16]     *Wilson v. UT Health Ctr.*, 973 F.2d 1263, 1271 (5th Cir. 1992).

[17]     *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir. 1991).

[18]     *Mahogany v. Louisiana State Supreme Court*, 262 F. App'x 636, 636 (5th Cir. 2008).

[19]     *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997). See, also, *Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990) ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State.")

In this case, the plaintiff sued Bruner, Hanks, and Bouillon in their official capacities only, and he sued Edmondson in both his official and personal capacities. The Eleventh Amendment does not protect a state employee against a claim asserted in the employee's personal capacity.[20]  Therefore, this Court does have subject-matter jurisdiction over the claims asserted against Edmondson in his personal capacity.

Accordingly, the undersigned finds that this Court has no jurisdiction over the state-law or federal-law claims asserted against the defendants in their official capacities and, for that reason, recommends that the defendants' motion be granted with regard to those claims.  Adoption of this recommendation will result in dismissal of all of the claims asserted against Bruner, Hanks, and Bouillon, and the official capacity claims asserted against Edmondson.  This leaves only the individual capacity claim against Edmondson to be considered further.

## II.   HAS THE PLAINTIFF STATED A CLAIM ON WHICH RELIEF MAY BE GRANTED?

### A.   THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[21]  A claim is plausible on

---

[20]      *Wilson v. UT Health Ctr.*, 973 F.2d 1263, 1271 (5th Cir. 1992).

[21]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]   "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[23]   The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."[24]   "This standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[25]

## B.   VAGUENESS

The defendants argue that the complaint is vague and ambiguous because it omits the date on which Francisco was arrested, and this vagueness precludes a claim on which this Court may grant relief.  After the motion to dismiss was filed, however, Francisco was permitted to amend his complaint.  In the supplemental and amended complaint, Francisco expressly alleged that the arrest occurred on March 12, 2010. Therefore, the basis for the defendants' vagueness challenge has been cured.  The

---

[22]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[23]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 545.

[24]   *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008).

[25]   *In re Southern Scrap*, 541 F.3d at 587 (internal quotation omitted).

undersigned recommends that the defendants' Rule 12(b)(6) motion to dismiss be denied to the extent that it is based on an argument that the plaintiff's complaint is impermissibly vague.

### C.   THE FEDERAL-LAW CLAIMS AGAINST EDMONDSON

Francisco sued Edmondson individually and also in his official capacity as the superintendent of the Louisiana State Police.  The defendants argue that the claims against Edmondson should be dismissed because there is no allegation of any act or omission by him that harmed Francisco and because there is no supervisor liability under Section 1983.

Supervisory public officials cannot be held vicariously liable under Section 1983.  To be liable under Section 1983, a supervisory public official must be personally involved in the act causing the alleged constitutional deprivation, or he must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[26]  There is no allegation in the original complaint or in the supplemental and amended complaint suggesting that Edmondson was present at the time of Francisco's arrest or detention or that he played any role in Francisco's arrest or detention.  Similarly, there is no allegation that the other troopers were operating

---

[26]     *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).

in accordance with a policy implemented by Edmondson when they arrested Francisco and turned him over to the St. Martin Parish officials who placed him in custody.  Thus, the complaints are devoid of factual allegations that delineate any act or omission that might support of finding that Edmondson was responsible for violating the plaintiff's rights, either through his own involvement in Francisco's arrest and detention or through his implementation of a policy relied upon by others who arrested and detained Francisco.  The plaintiff has not met his burden of alleging facts that might support a federal-law claim against Edmondson that is plausible on its face.  Therefore, the undersigned recommends that federal-law claims against Edmondson, both that brought in his individual capacity and also that brought in his official capacity, should be dismissed.

### D.   QUALIFIED IMMUNITY

The defendants argue that Troopers Bruner, Hanks, and Bouillion are entitled to qualified immunity with regard to the Section 1983 claims asserted against them. The defendants emphasize that the troopers' actions were not "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct."  (Rec. Doc. 6-1 at 7).  The undersigned has already found that this Court lacks jurisdiction over the Section 1983 claims asserted against Bruner, Hanks, and Bouillon, and has

already found that the plaintiff has not stated a cognizable claim against Edmondson. Accordingly, further discussion of this issue is unnecessary and will be pretermitted.

### E.   THE STATE LAW CLAIMS

The plaintiff asserted state-law tort claims against all four defendants, including claims for false arrest, false imprisonment, and malicious prosecution. The undersigned previously determined that this Court lacks subject-matter jurisdiction over the state-law claims asserted against Bruner, Hanks, and Bouillon as well as the state-law claims asserted against Edmondson in his official capacity. That leaves for consideration only the state-law claims against Edmondson in his individual capacity.

As noted above, neither the original complaint nor the amended complaint contains any factual allegations suggesting that Edmondson personally played any part in the arrest or detention of the plaintiff. This lack of factual support for the state-law claims is fatal. The plaintiff has not met his burden of alleging facts that might support a state-law claim against Edmondson that is plausible on its face. Accordingly, the undersigned recommends that the defendants' motion be granted with regard to the state-law claims asserted against Edmondson in his individual capacity and further recommends that those claims be dismissed.

### F.   PRESCRIPTION

The defendants argue that Francisco's claim has prescribed. The undersigned has already determined that this Court lacks subject-matter jurisdiction over all of the claims against Bruner, Hanks, and Bouillon, as well as the official-capacity claim asserted against Edmondson, and has recommended that those claims be dismissed. Additionally, the undersigned has already determined that the plaintiff has not stated a valid individual-capacity claim against Edmondson under either federal law or state law and has recommended that the individual-capacity claims against him be dismissed. Accordingly, it is unnecessary to address the prescription issue, and any further discussion of prescription is pretermitted.

### CONCLUSION

For the foregoing reasons, the undersigned finds that this Court has no subject-matter jurisdiction over the state-law claims asserted against Bruner, Hanks, and Bouillon or the official-capacity federal claims asserted against all four defendants. Therefore, the undersigned recommends that the defendants' Rule 12(b)(1) motion to dismiss be granted with regard to those claims and that those claims be dismissed without prejudice. The undersigned further finds that the plaintiff has failed to state a valid claim against Edmondson in his individual capacity under either state law or federal law. Therefore, the undersigned recommends that the defendants' Rule

-14-

12(b)(6) motion be granted with regard to those claims and that those claims be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 11, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE