UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| WILLIE FRANCISCO | CIVIL ACTION NO. 13-0815 |
| VERSUS | JUDGE DOHERTY |
| MICHAEL EDMONSON, ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Before the Court is the Report and Recommendation of the magistrate judge [Doc. 22], wherein the magistrate judge recommends the Motion to Dismiss filed by the defendants [Doc. 6] be granted and the claims of the plaintiff against the defendants be dismissed in their entirety. Specifically, the magistrate judge recommends all claims against Troopers Bruner, Hanks, and Bouillion – who are sued in their official capacities only – be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and all claims against Col. Michael Edmonson – who is sued in both his individual and official capacities – be dismissed for failure to state a federal claim that is plausible on its face under Rule 12(b)(6). The plaintiff has filed Objections [Doc. 24]. For the following reasons, the matter is REMANDED to the magistrate judge for the reasons stated herein.

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter

to the magistrate judge with instructions." Therefore, this Court makes a *de novo* review of the portions of the magistrate judge's report to which the claimant objects. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

The subject Motion to Dismiss was filed by defendants on January 6, 2014. On February 27, 2014, the plaintiff filed his first Motion to Amend the Complaint [Doc. 10]. That proposed amendment attempted to add certain factual allegations concerning the accident at issue to the plaintiff's complaint. The Motion to Amend was granted by the magistrate judge, and on January 29, 2014, the plaintiff's First Supplemental and Amended Complaint [Doc. 15] was filed. On April 22, 2014, the magistrate judge heard oral argument on the defendants' Motion to Dismiss [Doc. 17] and following oral argument, the magistrate judge took the matter under advisement. Post-trial briefs were ordered and were filed on May 15, 2014 [Doc. 19].

Several events occurred thereafter on June 11, 2014 that complicated the matter from a procedural standpoint. First, the magistrate judge issued his Report [Doc. 22] recommending that all of the plaintiff's claims against the defendants be dismissed. On the same day, however, the plaintiff filed a second Motion to Amend the Complaint [Doc. 20]. It appears this proposed amendment sought to add a "failure to train and supervise" claim against Col. Edmonson. However, this second Motion to Amend was deficient, as moving counsel did not indicate whether opposing counsel consented to the motion as required by local rule. Consequently, the Clerk of Court issued a Notice of Deficiency to counsel for the plaintiff, Edward Moses, Jr. [Doc. 21]. Rather than correcting the deficiency as instructed by the Notice of Deficiency issued on June 11, 2014, the plaintiff filed yet another Motion to Amend [Doc. 23] on June 12, 2014, which prompted the Clerk of Court to terminate the June 11, 2014 Motion to Amend without that motion ever being ruled on.

The latest Motion to Amend – the one filed on June 12, 2014 – also has not been ruled on and remains pending before the magistrate judge, likely because the magistrate judge has already issued his Report and Recommendation to dismiss plaintiff's claims.

In his Objection to the Report issued by the magistrate judge -- which, in part, recommends dismissal of the claims against Troopers Bruner, Hanks, and Bouillion on grounds these officers have been sued only in their official capacities, and this Court lacks subject matter jurisdiction over such claims – the plaintiff argues he should be permitted to amend his complaint to assert his claims against Troopers Bruner, Hanks, and Bouillion *in their individual capacities.* The plaintiff further argues that he attempted to assert his claims against Troopers Bruner, Hanks, and Bouillion *in their individual capacities* in the (deficient) Motion to Amend filed on June 11, 2014.[1] As explained, it appears the June 11, 2014 Motion to Amend was terminated by the Clerk of Court without adjudication for failure of the plaintiff to correct the deficiency noted in the Notice of Deficiency (also issued on June 11, 2014). Rather, as noted, the plaintiff simply filed another Motion to Amend, which remains pending before the magistrate judge, again, likely because the magistrate judge had already issued his Report and Recommendation. Therefore, the plaintiff's Motion to Amend, which may or may not seek to assert claims against Troopers Bruner, Hanks, and Bouillion in their individual capacities, has not been ruled on due to plaintiff's dilatory conduct.

The plaintiff, also, argues the magistrate judge erred in finding he does not state a colorable federal claim against Col. Edmonson – who has been sued in both his individual and official capacities – because the plaintiff "amended" his complaint to add a claim under 42 U.S.C. §1983 for failure to supervise and/or train against Col. Edmonson. The record shows that, on the same date

---

[1] It also appears the plaintiff attempted to add an additional defendant Dexter Bourque – in that amended complaint.

3

the Report of the magistrate judge was issued, the plaintiff did, in fact, file a motion to amend his complaint to add a claim for failure to train and/or supervise against Col. Edmonson, but, again, that motion to amend was terminated because the plaintiff did not correct the deficiency associated with the motion. Although the plaintiff did re-file the Motion to Amend, that motion has not been ruled on, presumably because by the time the motion was filed, the magistrate judge's Report had already been issued.

Thus, it appears from the record before the Court that the plaintiff has unsuccessfully attempted, on at least two occasions, to amend his pleadings to, perhaps, address some of the deficiencies noted by the magistrate judge in his Report, yet, because of the procedurally improper filings of plaintiff's counsel, the plaintiff was not successful in amending his complaint prior to the time the Report was issued. Under the applicable standard, pursuant to 28 U.S.C. §636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

Here, this Court finds it prudent to permit the magistrate to consider the pending Motion to Amend [Doc. 23] as well as the Objections filed by the plaintiff [Doc. 24] – which raise many of the same issues as those contained within the Motion to Amend – to determine whether an amendment of the plaintiff's complaint as prayed for in the Motion(s) to Amend and addressed in the Objections is procedurally proper, given the failure to plaintiff's counsel to comply with the applicable rules, and whether any such amendment, if allowed, would change the result recommended in the current

4

Report. This Court concludes remand to the magistrate judge is appropriate so that the full record, unknown to him earlier due to counsel's failures, can be addressed prior to a final judgment being entered.

Considering the foregoing, this matter is REMANDED to the magistrate judge for consideration of the foregoing issue and clarification as necessary.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___29___ day of July, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

5