UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

WILLIE FRANCISCO                          CIVIL ACTION NO. 6:13-cv-00815

VERSUS                                    JUDGE DOHERTY

MICHAEL EDMONSON, ET AL.                  MAGISTRATE JUDGE HANNA

SUPPLEMENTAL
REPORT  AND  RECOMMENDATION

The plaintiff alleges that he was mistaken for the driver of a vehicle involved

in  a  fatal  automobile  accident,  erroneously  arrested,  improperly  charged  with

negligent homicide and other crimes, incarcerated for two years, and then released

when the charges were dismissed.  In his original and first amending complaints, he

asserted claims against four Louisiana State Police officers, contending that they

violated certain of his rights protected by the United States Constitution as well as

various state laws.  The defendants filed alternative motions to dismiss under Rule

12(b)(6) for failure to state a claim and under Rule 12(b)(1) for lack of subject-matter

jurisdiction.  (Rec. Doc. 6).  The motion was referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and

the standing orders of this Court.  (Rec. Doc. 9).  The undersigned found that this

Court has no subject-matter jurisdiction over the state-law claims asserted against

defendants Bruner, Hanks, and Bouillon or the official-capacity federal claims asserted against the four defendants and recommended that the defendants' Rule 12(b)(1) motion to dismiss be granted with regard to those claims.  The undersigned also found that the plaintiff failed to state a valid claim against defendant Edmonson in his individual capacity under either state law or federal law.  Therefore, the undersigned recommended that the defendants' Rule 12(b)(6) motion be granted with regard to those claims.  This resulted in a recommendation that all of the plaintiff's claims be dismissed.  (Rec. Doc. 22).

The day after the undersigned's report and recommendation was issued, the plaintiff filed a second motion to amend his complaint.  (Rec. Doc. 23). The plaintiff then objected to the undersigned's report and recommendations, essentially arguing that the Court should permit the proposed amendment to the complaint because it would cure the defects identified in the report and recommendation.  (Rec. Doc. 24). After reviewing the objections, the District Judge issued a memorandum ruling (Rec. Doc. 25), remanding this matter to the undersigned for consideration of the plaintiff's objections (Rec. Doc. 24) and the plaintiff's motion to amend (Rec. Doc. 23).  This supplemental report and recommendation addresses the motion to amend and the plaintiff's objections.

## ANALYSIS

The plaintiff's original complaint asserted claims against four defendants, State Police Colonel Michael Edmonson, State Police Trooper Stephen Bruner, State Police Sergeant Tim Hanks, and State Police Trooper First Class Bart Bouillon.  Edmonson was sued individually and in his official capacity, while the other defendants were sued only in their official capacities.[1]  With leave of court, the complaint was amended to add additional allegations.[2]  Currently pending is a second motion for leave to amend the complaint.  If permitted, the second supplemental and amended complaint (hereinafter "the proposed complaint") would (1) assert an entirely new individual-capacity claim against a fifth state trooper, Dexter Bourque, for his alleged failure to reconstruct the accident; (2) add personal-capacity claims against Edmonson for his alleged failure to properly train and supervise Bourque, allegedly resulting in Bourque's failure to reconstruct the accident, and (3) make it clear that all of the defendants are being sued solely in their individual capacities, as is particularly evident from the notation below the suit caption, which is set forth in italics and reads as follows:  "all Defendants sued in Individual Capacity."[3]  In his

---

[1]      Rec. Doc. 1 at 6.

[2]      Rec. Doc. 15.

[3]      Rec. Doc. 23-1 at 2.

objections to the undersigned's report and recommendation, the plaintiff argues that his motion for leave should be granted because the proposed complaint cures the defects in the two earlier complaints that formed the basis for the conclusions reached in the report and recommendation.

For the following reasons, the undersigned recommends that the plaintiff's motion for leave to file the proposed complaint be denied and recommends that the plaintiff's objections to the report and recommendation be overruled.

## A.   THE APPLICABLE STANDARD

A party may amend its complaint once as a matter of course at any time before a responsive pleading is served; thereafter, leave of the court or written consent of the adverse party is required.[4]  Granting a motion for leave to amend a complaint "is by no means automatic."[5]  District courts have discretion to grant or deny such motions,[6] and courts are instructed to grant leave to amend freely "when justice so requires."[7] "In deciding whether to grant leave to file an amended pleading, the district court may

---

[4]       Fed. R. Civ. P. 15(a); *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir. 2008).

[5]       *Addington v. Farmer's Elevator Mut. Ins. Co*., 650 F.2d 663, 666 (5th Cir.), cert. denied,454 U.S. 1098 (1981).

[6]       *Whitmire v. Victus Ltd*., 212 F.3d 885, 887 (5th Cir. 2000); *Addington v. Farmer's Elevator Mut. Ins. Co*., 650 F .2d at 666.

[7]       Fed. R. Civ. P. 15(a)(2).

consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[8]   Ultimately, however, the decision to grant leave "is entrusted to the sound discretion of the district court."[9]

## B. The Proposed Additional Claims Against Bruner, Hanks, Bouillon, and Bourque

As pleaded in the original and first supplemental and amending complaints, this lawsuit asserted official-capacity claims and state-law claims against Bruner, Hanks, Bouillon, and Edmonson as well as individual-capacity claims against Edmonson. The undersigned previously found that this Court lacks subject-matter jurisdiction over the official-capacity and state-law claims and found that the plaintiff failed to state a valid individual-capacity claim against Edmonson.  The plaintiff now seeks leave to amend his complaint to cure the jurisdictional defects in his first two complaints and to assert a new claim against Edmonson.  For the following reasons, the proposed revisions to the complaint having to do with allegations against Bruner, Hanks, Bouillon, and Bourque should not be permitted.

---

[8]      *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  See, also, *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F .2d 666.

[9]      *Wimm v. Jack Eckerd Corp.*, 3 F.3d at 139; *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F .2d 666.

In determining whether a court has subject-matter jurisdiction, the "time-of-filing rule" is generally applied.  "The notion that a court cannot proceed if it lacked jurisdiction at the time the original complaint was filed is consistent with the 'time-of-filing rule,' under which 'the jurisdiction of the Court depends upon the state of things at the time of the action brought[.]'"[10]  Under this rule, if the court lacks jurisdiction at the time the original complaint is filed, it lacks authority to take any action in the case other than dismissing it for lack of subject-matter jurisdiction.  "[A] federal court cannot proceed if it lacked jurisdiction at the time the original complaint was filed."[11]  More specifically, if the court never had power to act in the matter, then it never had authority to permit an amendment to the complaint.[12]  Consistently, when a plaintiff's complaint articulates a federal-question claim, the Fifth Circuit has held that "while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists."[13]  In other words, an amendment may "remedy inadequate jurisdictional

---

[10]      *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 782 F. Supp. 2d 248, 260 (E.D. La. 2011), quoting *Mollan v. Torrance*, 9 Wheat. 537, 22 U.S. 537, 539, 6 L.Ed. 154 (1824).

[11]      *Sumpter v. Hungerford*, No. 12-717, 2014 WL 3401093, at *4 (E.D. La. July 11, 2014), citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574-75 (2004).

[12]      *Falise v. American Tobacco Co.*, 241 B.R. 63, 66 (E.D.N.Y.1999).

[13]      *In re Katrina Canal Breaches Litigation*, 342 Fed. App'x 928, 931 (5th Cir. 2009) (per curiam).  See, also, *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981).

allegations," but it cannot remedy "defective jurisdictional facts" or "retroactively create subject matter jurisdiction."[14]   "Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."[15]   The Fifth Circuit has specifically held that an amendment may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal-question jurisdiction.[16]   Thus, when "plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction. . . the plaintiffs' motion to amend.

---

[14]      *Whitmire v. Victus Ltd.*, 212 F.3d at 888 (5th Cir. 2000).

[15]      3 James Wm. Moore et al., Moore's Federal Practice § 15.14[3], at 15–34 (3d ed. 1999).

[16]      *In re Katrina Canal Breaches Litig.*, 342 F. App'x at 931-32, citing *Whitmire v. Victus Ltd.*, 212 F.3d at 888.  See, also, *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (denying motion to amend because "the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction.")  Cf. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1070 (5th Cir. 1981) ("A complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction.")  As noted in *Sumpter v. Hungerford*, 2014 WL 3401093, at *5 (internal quotation marks and citations omitted), "Although Fifth Circuit precedent is not entirely clear or consistent, the. . . the clearest, most recent cases dictate a finding that Plaintiffs' amendments, by adding new federal causes of action, are not of the formal or technical variety. . . .  Because the original complaint lacked a valid basis for federal question jurisdiction, the amended complaints were impermissible attempts to create jurisdiction where it did not previously exist.  The Fifth Circuit clearly has held an amendment may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction."

. . must be denied."[17]  Furthermore, "when a federal court lacks jurisdiction over the original complaint. . . the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction."[18]

In this case, however, having received a report and recommendation finding that his original and first supplemental and amending complaints fail to articulate claims against Bruner, Hanks, and Bouillon over which this Court has jurisdiction, the plaintiff filed a motion seeking leave to amend in order to add new claims against them that might have a valid jurisdictional basis.  After articulating only official-capacity claims over which this Court has no jurisdiction, the plaintiff now seeks to style its claims as individual-capacity claims so that the Court will have jurisdiction. The plaintiff also seeks to add a wholly new claim individual-capacity claim against a previously unnamed defendant, Trooper Bourque, based on factual allegations not set forth in the first two complaints.  The clear purpose for the proposed amendments is to create jurisdiction where none previously existed.  This is not permissible. Accordingly, the undersigned recommends that, with regard to the proposed individual-capacity claims against Bruner, Hanks, Bouillon, and also with regard to the new claims against Bourque, permission to amend should be denied.

---

[17]     *Boelens v. Redman Homes, Inc.*, 759 F.2d at 512.

[18]     *United States v. U.S. Fid. & Guar. Co.*, 959 F.Supp. 345, 347 (E.D.La. 1996).  See, also, *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 774, 75 (5th Cir. 1986).

C.      **THE PROPOSED ADDITIONAL CLAIM AGAINST EDMONSON**

The plaintiff proposes to add an individual-capacity claim against Edmonson under Section 1983 for failure to properly train and supervise Trooper Bourque, alleging that if Bourque had been properly trained and supervised he would have reconstructed the motor vehicle accident from which this lawsuit arose and would have found that the plaintiff was not driving the vehicle involved in the accident, which would have precluded the plaintiff's arrest and incarceration.  For the reasons explained above, this new claim should not be permitted.  Additionally, as noted above, leave to file a proposed complaint need not be granted if doing so would be futile.  Because the undersigned finds that the new claim against Edmonson does not withstand scrutiny under Rule 12(b)(6), granting the motion to amend and permitting this claim to be asserted would be futile.

Fifth Circuit jurisprudence clearly provides that, under Section 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[19]  "However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

---

[19]      *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  See, also, *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001); *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

violation."[20]  Here, there is no allegation that Edmonson was personally involved in the arrest or detention of the plaintiff.  The plaintiff does not allege that Edmonson was involved in investigating the accident, arresting the plaintiff, or detaining the plaintiff.  Instead, the plaintiff alleges that Edmonson failed to properly train or supervise Bourque, resulting in Bourque not reconstructing the accident and, therefore, not discovering that the plaintiff was not driving the vehicle at the time of the accident.  The plaintiff suggests that but for the lack of proper training and supervision, he would not have been arrested or incarcerated.

In the proposed amended complaint, the plaintiff alleges that Edmonson is liable because he failed to properly train or supervise Bourque, the state trooper who investigated the accident.  Such a claim has three elements:  (1) that the supervisor failed to either supervise or train the subordinate official; (2) that a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) that the supervisor's failure to train or supervise amounts to deliberate indifference to the constitutional right allegedly violated.[21]

---

[20]     *Thompkins v. Belt*, 828 F.2d at 304.  See, also, *Thompson v. Upshur County*, 245 F.3d at 459.

[21]     See, e.g., *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381-82 (5th Cir. 2005); *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998).

With regard to the first element, the plaintiff fails to allege any foundational facts capable of showing that Edmonson was directly involved in the training or supervising of Trooper Bourque or that the training or supervision provided to Bourque was inadequate.  To state a claim for failure to train, "the [plaintiff's] focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform."[22]   The plaintiff must include in his complaint specific allegations showing how the particular training program is defective.[23]  There are no such allegations in the proposed complaint.  The plaintiff alleges only that Bourque should have been trained or ordered to reconstruct this accident in addition to investigating it.

With regard to the second element, the plaintiff asserts that if Edmonson had properly trained Bourque, Bourque would have reconstructed the accident and discovered that the plaintiff was not driving the vehicle, preventing his being arrested and incarcerated.  But there are no factual allegations to support that conclusion.  Similarly, the plaintiff alleges that if Edmonson had properly supervised Bourque, he would have ordered Bourque to reconstruct the accident and Bourque would have determined that the plaintiff was not driving the vehicle at the time of the accident.

---

[22]   *Roberts v. City of Shreveport*, 397 F.3d at 293.

[23]   *Roberts v. City of Shreveport*, 397 F.3d at 293.

Again, however, there are no factual allegations supporting that assertion.  The plaintiff alleges that Bourque investigated the accident and was presented with conflicting testimony about who was driving the vehicle.  There are no factual allegations addressing how reconstruction of the accident would have differed from the investigation that actually was conducted and no factual allegations showing how reconstruction of the accident would have resolved the conflict concerning the identity of the vehicle's driver.  Therefore, the plaintiff has not alleged facts supporting a causal connection between the alleged lack of training and supervision and the alleged constitutional violations.

With regard to the third element, "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[24]  Therefore, more than a single instance of lack of training or supervision causing a violation of constitutional rights is generally required before such lack can constitute deliberate indifference.[25]   In fact, "[t]he plaintiff must generally

---

[24]     *Estate of Davis*, 406 F.3d at 381.

[25]     *Estate of Davis*, 406 F.3d at 381; *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998).

demonstrate at least a pattern of similar violations."[26]  To survive a motion to dismiss, therefore, the plaintiff must allege facts showing that Edmonson had notice of a pattern of prior acts fairly similar to what ultimately transpired, i.e., that Bourque did not reconstruct a fatal motor vehicle accident and therefore did not know who was driving the vehicle at the time of the accident, and that despite such notice Edmonson failed to properly train or supervise Bourque; alternatively, the plaintiff must allege facts capable of showing that the highly predictable consequence of Edmonson's failure to train or supervise Bourque was that a passenger in a vehicle involved in a fatal accident would be mistaken for the driver of the vehicle, arrested, and incarcerated.  But the plaintiff does not allege the existence of a pattern in which Bourque failed to reconstruct accidents.  In fact, the plaintiff does not allege that there was even one additional situation in which Bourque's failure to reconstruct an accident resulted in a person's constitutional rights being violated.  Therefore, the proposed complaint is lacking in necessary factual allegations that Edmonson had notice of a need to provide Bourque with additional training or supervision.

In his objections to the report and recommendation, the plaintiff mentions the "single incident exception" to that general rule.  For the exception to apply, however,

---

[26]     *Snyder v. Trepagnier*, 142 F.3d at 798; *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003).

a plaintiff must prove that the "highly probable" consequence of a failure to train or supervise would result in the specific injury suffered, and that the failure to train or supervise represents the moving force behind the alleged Constitutional violation.[27] In other words, "the inadequacy of training [or supervision] must be obvious and obviously likely to result in a constitutional violation."[28]   There are no factual allegations set forth in the proposed complaint that satisfy this requirement.

The proposed amended complaint does not allege the existence of an official policy or practice instituted by Edmonson or any factual scenario or act of Edmonson suggesting that he had knowledge of or deliberate indifference toward the allegedly unconstitutional consequences of any such unidentified policy or practice, nor does the proposed complaint allege a single fact suggesting that an official policy was the moving force behind the alleged violations of the plaintiff's constitutional rights. Even assuming that the factual allegations of the proposed complaint are true, the allegations do not support Section 1983 liability on Edmonson's part.

In summary, the plaintiff's proposed claim against Edmonson for failure to supervise or train Bourque requires him to allege that Edmonson was involved in training and supervising Bourque as well as a defect in training or supervising that

---

[27]     *Estate of Davis*, 406 F.3d at 385-86.

[28]     *City of Canton v. Harris*, 489 U.S. 378, 390 n. 10 (1989).

was a moving force behind an alleged constitutional injury.[29]  But the facts set forth in the proposed complaint concerning Edmonson are insufficient to withstand scrutiny under the jurisprudential standard for evaluating Rule 12(b)(6) challenges,[30] which requires "[f]actual allegations. . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[31]  Accordingly, the plaintiff has failed to plead sufficient factual allegations to satisfy the relevant plausibility standard.  Even if the proposed complaint were permitted, the new failure-to-train-or-supervise claim against Edmonson would not withstand Rule 12(b)(6) scrutiny.  Therefore, it would be futile to permit the amendment.  Therefore, the undersigned recommends that, with regard to the new claim articulated against Edmonson, the plaintiff's motion for leave to amend should be denied and the plaintiff's objections to the report and recommendation should be overruled.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that this Court should exercise its discretion and deny the plaintiff's motion to amend his complaint.

---

[29]     *Roberts v. City of Shreveport*, 397 F.3d at 293.

[30]     This standard was fully explained in the report and recommendation.

[31]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Consistently, the undersigned recommends that the plaintiff's objections to the report and recommendation should be overruled.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on September 3, 2014.

COPY SENT:

DATE:    9/3/2014
BY:         EFA
TO:         RFD
                 cg

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE