RECEIVED

SEP 2 9 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| WILLIE FRANCISCO | CIVIL ACTION NO. 13-0815 |
| VERSUS | JUDGE DOHERTY |
| MICHAEL EDMONSON, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is the Report and Recommendation [Doc. 22] and Supplemental Report and Recommendation [Doc. 27] of the magistrate judge. In his original Report, the magistrate judge recommends the Motion to Dismiss filed by the defendants [Doc. 6] be granted and the claims of the plaintiff against the defendants be dismissed in their entirety. Specifically, the magistrate judge recommends all claims against Troopers Bruner, Hanks, and Bouillion – who are sued in their official capacities only – be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and all claims against Col. Michael Edmonson – who is sued in both his individual and official capacities – be dismissed for failure to state a federal claim that is plausible on its face under Rule 12(b)(6).

The day after the magistrate judge's original Report was issued, the plaintiff filed a Motion to Amend his complaint [Doc. 23].[1] The plaintiff then objected to the magistrate judge's original Report, arguing the Court should permit the proposed amendment because it would cure the defects

---

[1] This motion to amend was the second motion to amend filed by the plaintiff; an earlier motion was granted by the magistrate judge [Doc. 14].

identified in the Report and Recommendation [Doc. 24]. The gist of both the proposed amendment and the Objections is the plaintiff's argument that he intended to sue Troopers Bruner, Hanks, and Bouillion in their individual capacities. The plaintiff also seeks to add an individual-capacity claim for failure to train against Col. Edmonson, as well as a new personal capacity claim against a new defendant, Trooper Dexter Bourque. This Court remanded the matter to the undersigned for consideration of the plaintiff's Objections and the plaintiff's Motion to Amend [Doc. 23].

On September 3, 2014, the magistrate judge issued a Supplemental Report and Recommendation [Doc. 27], in which he recommends that this Court *not* permit the plaintiff's requested amendments and again recommends dismissal of all of the plaintiff's claims. For the following reasons, this Court adopts the majority of the magistrate's Report and Recommendation, however, declines to adopt the recommendations of the magistrate in their entirety. Thus, the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART, as discussed hereinbelow.

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Therefore, this Court makes a *de novo* review of the portions of the magistrate judge's report to which the plaintiff objects. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

As the magistrate judge points out in his Supplemental Report, the plaintiff's original complaint asserted claims against four defendants: State Police Colonel Michael Edmonson, State

2

Police Trooper Stephen Bruner, State Police Sergeant Tim Hanks, and State Police Trooper First Class Bart Bouillon. Col. Edmonson was sued individually and in his official capacity, while the other defendants were sued only in their official capacities. In his original Report, the magistrate judge correctly found that this Court lacks subject-matter jurisdiction over the official-capacity and state-law claims and found that the plaintiff failed to state a valid individual-capacity claim against Col. Edmonson.

In the pending motion to amend, the plaintiff seeks to accomplish the following: (1) assert a new individual-capacity claim against state trooper Dexter Bourque for his alleged failure to reconstruct the accident; (2) add an individual-capacity claim against Col. Edmonson for his alleged failure to properly train and supervise Trooper Bourque, allegedly resulting in Trooper Bourque's failure to reconstruct the accident; and (3) clarify that all of the defendants are being sued solely in their individual capacities. Thus, the plaintiff now seeks leave to amend his complaint to cure the jurisdictional defects in his first two complaints and to assert a new claim against Col. Edmonson. Notably, the factual basis for the individual-capacity claims against the three state troopers already named as defendants in the lawsuit does not change in the proposed amended complaint.

Under well-established Fifth Circuit law, an amendment to a complaint may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction. *See, e.g., Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000), *citing Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir.1985) (holding that because "the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction," the motion must be denied "[b]ecause §1653 is limited to curing technical defects only"); *see also United States v. U.S. Fid. &*

*Guar. Co.*, 959 F.Supp. 345, 347 (E.D.La.1996) ("[W]hen a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction."). This Court notes the very real dangers of allowing a plaintiff to amend a complaint solely for the purpose of manufacturing jurisdiction where none previously existed by virtue of amendment and the prohibition against doing so.

Notwithstanding the foregoing, this Court notes it has jurisdiction over the underlying §1983 claims alleged by the plaintiff against Troopers Bruner, Hanks, and Bouillion. The magistrate judge found this Court lacks jurisdiction over plaintiff's §1983 claims against the aforementioned troopers, however, this Court would note this statement keys to the extent such claims are *official-capacity claims*, and indeed, that finding is correct. However, until such time as a formal ruling is made by this Court finding there is no jurisdiction over the §1983 claim, in its entirety and as against all defendants, this Court retains jurisdiction over that §1983 claim to consider whether there is any other basis for application of §1983 and, thus, a basis for jurisdiction. This Court, as the Article III judge, with a Report and Recommendation as to certain claims within a specific cause of action based upon §1983, now has before it a motion to amend the §1983 claim. Under these circumstances, this Court, in its discretion, concludes an amendment to assert the §1983 claims <u>against the same troopers on the same facts</u> and under the same cause of action, §1983, which, on its face, would grant jurisdiction, adding to the claim against the troopers couched under §1983, a claim made in their individual capacities should be allowed. Indeed, *the facts* as pled have not been shown to be incapable, on their face, of supporting a §1983 claim against Troopers Bruner, Hanks, and Bouillion in their individual capacities, and the failure to plead such individual-capacity claims against these defendants could well be argued to be a defect of pleading, only, within the same cause

of action. Under these circumstances, this Court will allow the amendment in its discretion. However, in allowing the amendment, this Court gives no hint - not even a whisper - as to the ultimate merits of the plaintiff's claim against the defendants, and indeed, should a future summary judgment motion fail to demonstrate merit, this Court will not hesitate to dismiss the plaintiff's claims, and reminds plaintiff's counsel of his obligations pursuant to FED.R.CIV.P. Rule 11. Furthermore, this Court admonishes plaintiff's counsel for failing to have pled the facts properly in the first instance and certainly before the magistrate judge issued his Report and Recommendation. Such dilatory behavior is not to be encouraged and will not, long, be tolerated. However, in this instance this Court, merely, points out the unwise nature of plaintiff's conduct and cautions against such behavior in the future.

As the Court is permitting the plaintiff to amend his complaint to assert personal- capacity claims against Troopers Bruner, Hanks, and Bouillion, this Court, on its face, retains jurisdiction over the matter by virtue of those claims, and thus, also, will permit the amendment of the plaintiff's complaint to add a new individual-capacity claim against a previously unnamed defendant, Trooper Dexter Bourque.

Finally, this Court will, also, permit the amendment of the plaintiff's complaint to include a personal-capacity claim for failure to properly train and supervise Trooper Bourque against Col. Edmonson, concluding the plaintiff has satisfied the applicable 12(b)(6) pleading standards for such a claim and further noting the failure to train claim relates back to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure.[2] As with the claims against Troopers Bruner, Hanks,

---

[2] The magistrate judge recommends that this Court deny the plaintiff's motion to amend to add this claim on grounds the claim would be futile. However, given this Court's discretion to permit the plaintiff to amend his complaint, and noting the standards for pleading under Rule 12(b)(6), this Court concludes the plaintiff's failure to train claim against Col. Edmonson survives the motion to dismiss stage of the litigation. Again, this Court does not hint at whether this claim will survive any additional stage of the litigation.

and Bouillion, this Court gives no hint, whatsoever, as to the ultimate merits of the failure to train claim, but rather, only concludes that the claim survives the instant motion to dismiss and notes each of these claims remains. This claim is certainly open to attack by summary judgment should the defendants deem such a motion appropriate. Considering the foregoing,

IT IS ORDERED that the Motion to Dismiss [Doc. 6] is GRANTED to the extent that all official-capacity claims against Troopers Bruner, Hanks, and Bouillion are dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and the claims *as stated in the original complaint* against Col. Michael Edmonson are dismissed for failure to state a federal claim that is plausible on its face under Rule 12(b)(6). However, the plaintiff's Motion to Amend [Doc. 23] is GRANTED, and the plaintiff is permitted to amend his complaint to: (1) assert an individual-capacity claim against Trooper Dexter Bourque for his alleged failure to reconstruct the accident; (2) add a personal-capacity claim against Col. Edmonson for his alleged failure to properly train and supervise Trooper Dexter Bourque; and (3) clarify that all claims asserted against Troopers Bruner, Hanks, and Bouillion are personal-capacity claims. However, this Court, once again, admonishes plaintiff's counsel for his failure to properly state his client's claims under §1983 and cautions against such conduct in the future, and notes such conduct, likely, will effect a different result.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___29___ day of September, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

6