RECEIVED

APR 2 2 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

WILLIE FRANCISCO                          CIVIL ACTION NO. 13-0815

VERSUS                                    JUDGE DOHERTY

MICHAEL EDMONSON, ET AL.                  MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Before the Court is the "Motion to Continue Ruling on Defendants' Motion for Summary Judgment" [Doc. 35] filed by plaintiff Willie Francisco, who moves this Court to defer ruling on the defendants' Motion for Summary Judgment [Doc. 33] on grounds "the defendants have not provided plaintiff with their initial disclosures nor have they allowed plaintiff any time for discovery." Defendants Stephen Bruner, Tim Hanks, Dexter Bourque, Bart Bouillion, and Colonel Michael Edmonson oppose the motion.  For the following reasons, the motion is DENIED.

In the instant lawsuit, the plaintiff alleges federal claims pursuant to 42 U.S.C. §§1983, 1985, 1988, and the 4th and 14th Amendments of the United States Constitution, as well as state law claims under the Louisiana Constitution and Article 2315 of the Louisiana Civil Code for false arrest, false imprisonment, and malicious prosecution against Officers Bruner, Hanks, Bourque, and Bouillion arising out of plaintiff's undated arrest for negligent homicide and counts of negligent injuring, hit and run, and driving without a license.  Plaintiff has alleged claims against Colonel Edmonson for his failure to properly train and supervise the foregoing officers.  Supplemental and amending complaints have been filed and various claims have been dismissed by the Court.  What is pertinent for the purposes of the instant motion is that all of the defendants have filed a motion for summary judgment raising the issues of qualified immunity and prescription.  The plaintiff seeks to defer a

ruling on defendants' motion for summary judgment on grounds that further discovery – including non-specific interrogatories and requests for production of documents – is necessary in order for the plaintiff to respond to the motion.  For the following reasons, the plaintiff's argument is not persuasive.

To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and how the additional discovery will create a genuine issue of material fact.  *Vines v. City of Dallas*, 52 F.3d 1067 (5th Cir. 1995), *citing Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir.1993) (citations omitted).  As the court stated in *Vines*, "[t]he nonmoving party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.

Furthermore, in cases wherein qualified immunity has been specifically pled, as explained in *Schultea v. Wood*,

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

47 F.3d 1427, 1434 (5th Cir. 1995).

In the instant case, the plaintiff argues he is unable to respond to the defendants' motion for summary judgment because "interrogatories, requests for production of documents and depositions sought will affect this court's ruling on the motion for summary judgment because [plaintiff] will be able to provide essential material facts to establish a genuine dispute regarding the elements of

2

his case and on which he bears the burden of proof."  The plaintiff goes on to argue he will be prejudiced if he does not have the opportunity to obtain discovery regarding the Louisiana State Police's policies and procedures regarding traffic accidents in order to prove his claims.  This Court concludes the foregoing arguments do not sufficiently explain how the additional requested discovery will create a genuine issue of material fact, particularly as the defendants are arguing that they are entitled to qualified immunity as a matter of law.

This Court has reviewed the motion for summary judgment filed by the defendants.  In the motion, defendants argue as follows:

> As finally amended and then limited by Court order, the plaintiff claims that Bruner obtained an arrest warrant, and then Bruner, Hanks and Bouillion arrested claimant on March 12, 2010, pursuant to said arrest warrant.  They further claim that Bourque failed to perform an accident reconstruction and that if he had done so he would have determined that claimant was not the operator of the vehicle and claimant would then not have been arrested.  They further claim that Edmonson failed to properly train and supervise Bourque, and those failures are why Bourque failed to perform the accident reconstruction.

In their motion for summary judgment, defendants seek dismissal of the claims against Bourque – that he failed to conduct an accident reconstruction – on grounds there is simply no evidence to support plaintiff's conclusory allegation that, at the time the plaintiff was arrested, there was evidence showing the plaintiff was not the driver of the vehicle.  Defendants further seek dismissal of the claims against Col. Edmonson on grounds he did not properly supervise and train Bourque, and that those failures are why Bourque failed to perform the accident reconstruction.

According to the opposition brief of the defendant officers, there were four individuals in the vehicle at the time of the accident in question: the plaintiff, Deondrick Brown, Herman Brown, and the decedent.  Except for the decedent, all of the vehicle's occupants have been deposed and their depositions are attached to the defendants' motion for summary judgment.  Both Deondrick Brown

and Herman Brown testified the plaintiff in this matter was the driver of the vehicle at the time of the accident in question. Although the plaintiff claims the need for the deposition of Katrina Trahan – whose role is unclear to the Court at this time – Ms. Trahan's deposition, is, in fact, attached to the defendant's motion for summary judgment. Ms. Trahan has also testified the plaintiff was the driver of the vehicle at the time of the accident.

In light of the foregoing, the plaintiff fails to satisfy his burden to show that additional factual discovery is necessary for the Court to make a determination as to the threshold question of qualified immunity. Indeed, it appears the discovery necessary to the Court's determination of who was driving the vehicle at the time of the accident – which would be the primary focus of an accident reconstruction investigation – is already attached to the defendants' motion. If there are, indeed, factual disputes in the record, the discovery that has been conducted has been provided to the Court, and those factual disputes will be apparent. Indeed, although the plaintiff has not carried his burden on the instant motion to continue, this Court will consider the underlying motion for summary judgment, and if there is a need for additional discovery, or if the disputed facts make it apparent that judgment cannot be entered in favor of the defendants, this Court will so rule at that time. Furthermore, the plaintiff will have the opportunity to oppose the motion for summary judgment and can point out in that opposition, with specificity, what discovery he argues he is lacking. At this juncture, however, the plaintiff fails to satisfy his burden that additional discovery is necessary, other than to make general suggestions of prejudice, which are not sufficient under the jurisprudence.

Considering the foregoing, this Court concludes the plaintiff has not met his burden of showing he is entitled to the relief requested. Therefore, IT IS ORDERED that the "Motion to Continue Ruling on Defendants' Motion for Summary Judgment" [Doc. 35] filed by plaintiff Willie

Francisco is DENIED and plaintiff shall file his opposition brief to the motion for summary judgment within ten (10) days of the date of this order.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___22___ day of April, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE