RECEIVED
JUN 2 3 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

WILLIE FRANCISCO — CIVIL ACTION NO. 13-0815

VERSUS — JUDGE DOHERTY

MICHAEL EDMONSON, ET AL. — MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Before the Court is the Motion for Summary Judgment [Doc. 33] filed by defendants Stephen Bruner, Tim Hanks, Dexter Bourque, Bart Bouillion, and Colonel Michael Edmonson. The motion is opposed by the plaintiff [Doc. 48]. Because of the lack of clarity within the motion as to the precise relief requested by the movants, the motion is DENIED, for the reasons set forth more fully below.

## I. Factual and Procedural Background

In the instant lawsuit, the plaintiff alleges federal claims pursuant to 42 U.S.C. §§1983, 1985, 1988, and the 4th and 14th Amendments of the United States Constitution, as well as state law claims under the Louisiana Constitution and Article 2315 of the Louisiana Civil Code for false arrest, false imprisonment, and malicious prosecution against Officers Bruner, Hanks, Bourque, and Bouillion arising out of plaintiff's undated arrest for negligent homicide, negligent injuring, hit and run, and driving without a license. Plaintiff has alleged claims against Colonel Edmonson for his failure to properly train and supervise the foregoing officers. Supplemental and amending complaints have been filed and various claims have been dismissed by the Court. What is pertinent for the purposes of the instant motion is that all of the defendants have filed a motion for summary judgment raising the issues of qualified immunity and prescription.

In the instant motion, defendants argue as follows:

> As finally amended and then limited by Court order, the plaintiff claims that Bruner obtained an arrest warrant, and then Bruner, Hanks and Bouillion arrested claimant on March 12, 2010, pursuant to said arrest warrant. They further claim that Bourque failed to perform an accident reconstruction and that if he had done so he would have determined that claimant was not the operator of the vehicle and claimant would then not have been arrested. They further claim that Edmonson failed to properly train and supervise Bourque, and those failures are why Bourque failed to perform the accident reconstruction.

## II. Law and Discussion

### 1. Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the parties' favor as to all or any part thereof." Fed. R. Civ. Pro. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or is otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Pro. 56(e)

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477

U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also*, *Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

> The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."
>
> [. . . .]
>
> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. *Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.*

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(emphasis added)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by

> only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

**2. Qualified Immunity Standard**

When a government official abuses his office, an action for damages may be the only realistic avenue for vindication of a petitioner's constitutional guarantees. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). On the other hand, allowing suits for money damages against government officials "can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Id.* The jurisprudence has attempted to accommodate these conflicting concerns "by generally providing government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Id.* "Whether an official protected by qualified

immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action." *Id.*

According to the Fifth Circuit:

> When a governmental official with discretionary authority is sued for damages under section 1983 and properly raises the defense of qualified immunity, the plaintiff bears the burden of rebutting that defense. In ruling on a motion for summary judgment based on qualified immunity, the court first determines whether there is evidence to sustain a finding that the defendant's complained of conduct violated plaintiff's constitutional rights. If not, no further inquiry is needed and the defendant is entitled to qualified immunity. If so, the inquiry proceeds to determine whether there is evidence to sustain a finding that under the existing circumstances it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. If not, the defendant is entitled to qualified immunity.

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301-302 (5th Cir. 2004) (citations and quotations omitted.)

This Court further notes "qualified immunity... provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). There is no immunity if *no* reasonably competent officer would have thought his conduct was lawful, "but if officers of reasonable competence *could* disagree on this issue, immunity should be recognized." *Id.* (emphasis added).

Evaluating qualified immunity is a two-step process. First, the Court determines whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir.2000) (internal citations omitted). If the plaintiff has alleged a violation of a clearly established right, the next step is for the Court to determine whether the official's conduct was objectively reasonable under the law

at the time of the incident. *Michalick v. Hermann*, 422 F.3d 252 (5th Cir. 2005), *citing Sanchez v. Swyden*, 139 F.3d 464, 467 (5th Cir.1998) (citations omitted). The plaintiff bears the burden of proving that a government official is not entitled to qualified immunity. *See, e.g., Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir.1989).

In the instant case, the plaintiff alleges a number of claims against the defendant officers, including claims arising under 42 U.S.C. §§1983, 1985, 1988, the 4th and 14th Amendments of the United States Constitution, as well as state law claims under the Louisiana Constitution and Article 2315 of the Louisiana Civil Code for false arrest, false imprisonment, and malicious prosecution. The foregoing claims are alleged against Officers Bruner, Hanks, Bourque, and Bouillion arising out of plaintiff's undated arrest for negligent homicide, negligent injuring, hit and run, and driving without a license. Notwithstanding the number and variety of claims alleged in the complaint, in their motion – collectively filed by all four police officers, as well as Col. Edmonson – the "defendants" argue their primary defense to "*this claim*" – again, without specificity as to which "claim" is being discussed and suggesting only a single claim is being discussed in the motion despite the fact that the motion appears to seek dismissal of *all* claims – are two facially valid arrest warrants. The defendants go on to argue the (again, unspecified) "police officers" had probable cause to arrest the plaintiff. The remainder of the motion goes on to argue two main points, as follows: (1) the plaintiff's claims against Officer Bourque – that he failed to conduct an accident reconstruction – should be dismissed on grounds there is no evidence to support plaintiff's conclusory allegation that, at the time the plaintiff was arrested, there was evidence showing the plaintiff was not the driver of the vehicle; and (2) the plaintiff's claims against Col. Edmonson should be dismissed on grounds Col. Edmonson did not properly supervise and train Officer

Bourque, and those failures are why Officer Bourque failed to perform the accident reconstruction.

Because the motion appears to be filed on behalf of *all* of the defendants, the basis for dismissal of each claim against each defendant and under what legal standard is unclear to the Court.

If any of the defendant officers seek dismissal of the claims against them on grounds they obtained a valid warrant prior to the plaintiff's arrest, such facts and argument must be set forth with particularity in the motion. The law is well-settled that an individual has a federally protected right to be free from unlawful arrest and detention resulting in a significant restraint of liberty and violation of this right may be grounds for suit under 42 U.S.C. §1983. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 278 (5th Cir. 1992), *citing Dennis v. Warren*, 779 F.2d 245, 247 (5th Cir.1985). An arrest or detention may be unlawful if it is accomplished without due process of law as required by the Constitution. *Duckett*, 950 F.2d at 278, *citing Baker v. McCollan*, 443 U.S. 137, 144–45, 99 S.Ct. 2689, 2694–95, 61 L.Ed.2d 433 (1979). Police officers are, therefore, required under the Fourth Amendment to make a determination of probable cause before any significant pretrial restraint of liberty. *Id.* at 142–43, 99 S.Ct. at 2694, *citing Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). A police officer has probable cause to arrest if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime. *See Gladden v. Roach*, 864 F.2d 1196, 1199 (5th Cir.), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989). However, the facts and particulars of the plaintiff's arrest vis-a-vis each defendant are not argued. What *is* argued are the circumstances surrounding whether the plaintiff was the driver of the vehicle in question on the night of the accident. This would appear to impact only the claims against Officer Bourque – and whether he properly or improperly conducted an accident reconstruction -- and potentially, Col. Edmonson

– and whether he properly or improperly trained Officer Bourque. As discussed, however, the motion appears to seek dismissal of *all* claims against all defendants without discussing the specific qualified immunity analysis that is unique to each claim and the facts alleged against each defendant.

After consideration of the motion, this Court cannot determine whether all of the defendant officers are entitled to the relief requested, as the defendants have failed to carry their burden under the qualified immunity standard. The defendant officers are free to re-file their motion for summary judgment, specifically identifying which defendants seek which specific form of relief and under which prong of the qualified immunity analysis.[1]

Considering the foregoing, IT IS ORDERED that the "Motion for Summary Judgment" [Doc. 33] filed by defendants Stephen Bruner, Tim Hanks, Dexter Bourque, Bart Bouillion, and Colonel Michael Edmonson is DENIED for failure of the movants to carry their burden to show they are entitled to the relief requested.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 23rd day of June, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

[1] This Court notes a prescription argument is contained in the motion without reference to a legal standard to guide this Court's analysis of the issue.