RECEIVED

FEB 1 5 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **WILLIE FRANCISCO** | **CIV. ACT. NO. 6:13-815** |
| -vs- | **UNASSIGNED DISTRICT JUDGE** |
| **MICHAEL EDMONSON, ET AL.** | **MAG. JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court in this civil rights suit is an unopposed motion for summary judgment filed by Defendants, Colonel Michael Edmonson and Officers Stephen Bruner, Tim Hanks, Bart Bouillon and Dexter Bourque.[1] Doc. 78. Pursuant to the motion, Defendants seek dismissal of this suit on the basis that all claims asserted therein have prescribed. For the reasons set forth below, the motion is **GRANTED**.

## I. Background

On January 9, 2010, Plaintiff Willie Francisco was involved in a single vehicle accident in which one of the occupants of the vehicle was fatally injured. Doc. 1 at ¶¶ 16-18. Based upon an investigation conducted by the Louisiana State Police, an arrest warrant issued for Plaintiff on January 14, 2010. Doc. 33-4. On March 12, 2010, Plaintiff was arrested and charged with negligent homicide, negligent injuring, hit and run, and driving without a license. Doc. 1 at ¶ 23. On June 23, 2010, Plaintiff appeared for arraignment. Doc. 78-4. On April 19, 2012, the charges against

---

[1] Any opposition to the motion was due on or before August 16, 2017. See Local Rule 7.5. As no opposition has been filed, the motion for summary judgment is deemed unopposed. Id.; see also Doc. 81.

Plaintiff were dismissed, and Plaintiff was released from custody the same day. Doc. 1 at ¶ 24; Doc. 78-1 at ¶ 5. Thereafter, Plaintiff filed this suit against the above-named Defendants for violations of his Constitutional rights and pendant state law tort claims. Doc. 1; Doc. 78-1 at ¶ 1.

By this suit, Plaintiff asserts the following claims against Officers Bruner, Hanks, Bouillon and Bourque: violations of his Fourth and Fourteenth Amendment rights under the United States Constitution pursuant to 42 U.S.C. § 1983; conspiracy to violate Plaintiff's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1985; unspecified violations of his rights under the Louisiana Constitution; and claims of false arrest, false imprisonment and malicious prosecution pursuant to La. Civ. Code art. 2315. Doc. Nos. 1, 15, 31, 49 at 1, and 62 at 2-4. With regard to Colonel Edmonson, Plaintiff asserts a claim for his alleged failure to properly train and supervise the foregoing police officers pursuant to 42 U.S.C. § 1983. Doc. Nos. 31 at ¶ 6, and 49 at 1. All claims are asserted against each defendant solely in their personal capacities.[2]

In prior filings, counsel for Plaintiff contended he filed this suit on April 19, 2013, but "the document did not register on the website [i.e., CM/ECF] until May 15, 2013." Doc. 13 at 7, n. 1. However, at a hearing conducted on April 22, 2014, the Operations Manager for the Western District of Louisiana testified that while counsel for Plaintiff opened a suit on April 19, 2013, he did not actually file a complaint into the record until May 15, 2013. Doc. 61 at pp. 3-5. At that hearing, counsel for Plaintiff admitted he mistakenly did not file the Complaint on April 19, 2013. Id. at 20. On May 15, 2013, counsel realized the Complaint was not filed in the record and contacted the Clerk of Court, who provided counsel with instructions for filing same. Doc. 19 at

---

[2] All claims asserted in Defendants' official capacities were dismissed by the Court on September 29, 2014. Doc. 30.

2; Doc. 61 at 5.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. As the Complaint in this matter was not filed into the record until May 15, 2013, the Court deems May 15, 2013 as the date this civil action was commenced. See e.g. Franklin v. McHugh, 804 F.3d 627 (2nd Cir. 2015) (Where counsel only completed part of the process to electronically file a notice of appeal within the deadline for filing same, but the notice of appeal itself was not filed into the record until after the deadline passed, the notice of appeal was untimely filed); accord Sudduth v. Tex. Health & Human Servs. Comm'n, 830 F.3d 175, 178 (5th Cir. 2016); Walker v. Transfrontera CV de SA, 634 Fed.Appx. 422, 427 (5th Cir. 2015) (counsel has a responsibility to routinely check the docket sheet for activity, regardless of whether he receives electronic notices about updates); Frazana K. v. Indianan Dep't of Educ., 473 F.3d 703, 705-06 (7th Cir. 2007) (If counsel blunders in his attempts to electronically file documents, "the remedy is malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error"). Additionally, as Plaintiff has not complied with Local Rule 56.2, he is deemed to have admitted Defendants' Statement of Undisputed Material Fact no. 1, which reads: "On May 15, 2013, the Plaintiff filed his original Complaint. . . ."[3] Doc. 78-1 at ¶ 1; Local Rule 56.2.

---

[3]In this District, "Every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1. The party opposing summary judgment is required to submit "a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." Local Rule 56.2. Where the opposing party fails to comply with the foregoing requirement, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted. . . ." Id.

## II.     Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." Quality Infusion Care, Inc. v. Health Care Service Corp., 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted). To satisfy this burden, the non-movant is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [its] claim." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992)).

"A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violate[s] a local rule." Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Id.; see also Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435 (5th Cir. 2014) ("a court may grant an unopposed summary

judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law").

III.    **Applicable Law**

"The statute of limitations for Section 1983 claims is 'the forum state's personal-injury limitations period,' which in Louisiana is one year." Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016) (quoting Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998)). "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). However, federal law governs when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell, 981 F.2d at 257. "The statute of limitations therefore begins to run when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury. . . .'" Id. (alterations in original) (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

IV.    **Analysis**

A.      **Federal Law Claims**

1.      **42 U.S.C. § 1983**

a.      **Violations of the Fourth and Fourteenth Amendments**

Plaintiff asserts Officers Bruner, Bourque, Hanks and Bouillon violated his Fourth and Fourteenth Amendment rights "to be free from unreasonable search and seizure. . . ." Doc. 62 at 2. "[A]lthough the Fourteenth Amendment is relevant because it applies the Fourth Amendment to the states, [Plaintiff's] claims of unlawful arrest and detention should be analyzed under the

Fourth Amendment and not under the Fourteenth Amendment's Due Process Clause."[4] <u>Bosarge v. Mississippi Bureau of Narcotics</u>, 796 F.3d 435, 441 (5th Cir. 2015). The statute of limitations on a Section 1983 claim alleging an unlawful seizure in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. <u>Wallace v. Kato</u>, 549 U.S. 384, 397 (2007); <u>Mapes v. Bishop</u>, 541 F.3d 582, 584 (5th Cir.2008). In this matter, Plaintiff became detained pursuant to legal process at his arraignment hearing, which was held on June 23, 2010. Thus, Plaintiff had until June 23, 2011 to file his claims of false arrest and false imprisonment. As Plaintiff's Complaint was not filed until May 15, 2013, Plaintiff's claims for false arrest and false imprisonment have prescribed.

### b.    Failure to Train/Supervise

Plaintiff asserts a claim against Col. Edmonson for "failing to train and properly supervise the investigating officers." Doc. 31 at ¶ 6. According to Plaintiff, had Col. Edmonson properly supervised and trained the investigating officers, they would have conducted an accident reconstruction. Plaintiff further contends had the officers performed an accident reconstruction, they would have concluded Plaintiff was not the driver of the vehicle at issue, and therefore the officers would not have arrested Plaintiff and violated his Constitutional rights. <u>Id.</u> Given the construction most favorable to Plaintiff, the factual allegations of Plaintiff's complaint show

---

[4]Where a Fourth Amendment claim more closely resembles a claim of malicious prosecution, rather than a claim of false imprisonment, the claim accrues when the criminal proceedings terminate in the claimant's favor. <u>Winfrey v. Rogers</u>, – F.3d –, 2018 WL 707412, *5 (5th Cir.) (Where claimant was arrested through the wrongful institution of legal process - i.e., an unlawful arrest pursuant to a warrant, issued through the normal legal process, that is alleged to contain numerous material omissions, misstatements and failed to disclose exculpatory evidence - the claim more closely resembled a malicious prosecution than false imprisonment). In this matter, Plaintiff contends the arresting officers conducted a faulty investigation, and not that they used false information or failed to disclose exculpatory evidence to secure a warrant. Thus, the Court finds Plaintiff's claim is for false arrest and false imprisonment. Regardless, under either theory, the claim is prescribed. <u>See</u> §§ IV(A)(1)(a) and IV(B)(2).

Plaintiff was aware he had suffered an actionable injury by April 19, 2012 at the latest, when the charges against him were dismissed and he was released from custody. He was further aware of the officers who had "inflicted the injury" at that time. Gartrell at 257. Nevertheless, suit was not filed until May of 2013, more than one year after this claim accrued. Accordingly, Plaintiff's claim of failure to train/supervise is prescribed.

### 2. 42 U.S.C. § 1985

Plaintiff alleges Officers Bruner, Bourque, Hanks and Bouillon violated 42 U.S.C. § 1985(3), by conspiring to violate Plaintiff's Constitutional right to be free from unreasonable seizure, because they arrested Plaintiff despite conflicting evidence as to whether or not Plaintiff was the driver of the vehicle involved in the accident forming the basis of these events.[5] See Doc. 1 at ¶¶ 20-23; Doc. 15 at ¶¶ 5-6; Doc. 31 at ¶ 5(iii); Doc. 62 at 2. The same prescriptive period applies to claims brought under Sections 1983 and 1985. Green v. Grampre, 388 Fed.Appx. 437, 438 (5th Cir. 2010); Anderson v. Louisiana, 2011 WL 3664859, *4 (W.D.La.). Plaintiff complains of actions taken by the foregoing officers on March 12, 2010. Plaintiff's Complaint was not filed until May 15, 2013, long after the expiration of the limitations period. Accordingly, this claim is barred by prescription.

---

[5]To state a claim under § 1985(3), a plaintiff must allege facts demonstrating: "(1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." Lockett v. New Orleans City, 607 F.3d 992, 1002 (5th Cir. 2010). "Additionally, the conspiracy must also have a racially based animus." Id. "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act, but a conspiracy claim is not actionable without an actual violation of section 1983." Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995) (internal quotation marks omitted).

## B. State Law Claims[6]

### 1. False Arrest and False Imprisonment

Plaintiff asserts claims of false arrest and false imprisonment pursuant to La. Civ. Code art. 2315. Such claims are delictual claims, subject to a one-year prescriptive period pursuant to La. Civ. Code art. 3492. De Bouchel v. Koss Const. Co., 149 So. 496, 497 (1933); Eaglin v. Eunice Police Dep't, 2017-127 (La.App. 3 Cir. 10/4/17), 228 So.3d 280, 284–85. Pursuant to Louisiana state law, prescription on such claims begins to run, at the latest, when the imprisonment ends. Id. In this matter, Plaintiff was released from custody on April 19, 2012. As Plaintiff did not file suit until May 15, 2013 - more than one year from the date of his release - his claims for false arrest and false imprisonment have prescribed.

### 2. Malicious Prosecution

Plaintiff asserts a claim of malicious prosecution pursuant to La. Civ. Code art. 2315. A claim of malicious prosecution is a delictual claim, subject to a one-year prescriptive period pursuant to Louisiana Civil Code article 3492. De Bouchel at 497-98; Warren v. Board of Sup'rs of Louisiana State University, 168 So.3d 436, 438 (La. App. 1st Cir. 2014). Prescription begins to run on a claim of malicious prosecution when the underlying prosecution is dismissed. De Bouchel at 497; Murray v. Town of Mansura, 2006-355 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, 838. In this matter, the underlying prosecution against Plaintiff was dismissed on April 19, 2012.

---

[6]According to Plaintiff's Complaint, his suit arises under the "4th Amendment and 14th Amendment to the United States and Louisiana Constitution. . . ." Doc. 1 at 1; see also Doc. 31 at 2; Doc. 62 at 2. No further reference is made to any rights arising under the Louisiana Constitution. Neither the Fourth (Right to Property) nor the Fourteenth Amendment (Right to Preliminary Examination) of the Louisiana Constitution is applicable under the facts of this matter. Accordingly, the Court finds Plaintiff has waived any claim arising under the Louisiana Constitution.

Because Plaintiff did not file suit until May 15, 2013 - more than one year from the dismissal of charges against him - Plaintiff's claim for malicious prosecution is prescribed.

**V.     Conclusion**

For the reasons set forth above, the Court finds all claims asserted by Plaintiff in this matter are barred by prescription. Accordingly, Defendants' Motion for Summary Judgment, Doc. 78, is **GRANTED**, and Plaintiff's suit is **DISMISSED WITH PREJUDICE**.

ALEXANDRIA, LOUISIANA, this ___15th___ day of February, 2018.

**DEE D. DRELL**
**UNITED STATES DISTRICT JUDGE**