UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILLIE FRANCISCO | CIVIL ACTION NO. 6:13-cv-00815 |
| VERSUS | JUDGE JUNEAU |
| MICHAEL EDMONDSON, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending are the plaintiff's motion for leave of court to file a third amended and supplemental complaint (Rec. Doc. 124) and the plaintiff's motion for leave to file a reply brief in support of that motion (Rec. Doc. 132). The motion for leave to file an amended complaint is opposed. (Rec. Doc. 131). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, leave will be granted to file a reply brief but the motion for leave to amend the complaint will be denied.

### BACKGROUND

The plaintiff was arrested in March 2010 and charged with negligent homicide and other crimes in connection with a motor vehicle accident that occurred in January 2010. He remained incarcerated until April 19, 2012 when the charges against him were dismissed. He then initiated this lawsuit, asserting claims under federal and state law.

In September 2014, all official-capacity claims against defendant Louisiana State Troopers Bruner, Hanks, and Bouillion were dismissed for lack of subject-matter jurisdiction, and the claims against defendant Col. Michael Edmonson that were stated in the original complaint were dismissed for failure to state a claim. (Rec. Doc. 30). The plaintiff was allowed to file an amended complaint with regard to certain claims (Rec. Doc. 30), and he did so (Rec. Doc. 31). In December 2018, the court granted summary judgment in favor of the defendants, dismissing the plaintiff's state-law claims for false arrest and detention and false imprisonment and the plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1988 because those claims were prescribed. (Rec. Doc. 116). The only remaining claim is a state-law malicious prosecution claim, and a motion for summary judgment concerning that claim (Rec. Doc. 135) is currently pending. However, in the instant motion, the plaintiff seeks to amend his complaint to add factual allegations, a new claim against the State of Louisiana, and a new contract-based claim with a longer prescriptive period.

ANALYSIS

A. **The Applicable Standard**

When the time period for amending a pleading as a matter of course has elapsed, as in this case, a party may amend its pleadings with the consent of the

parties or leave of court.[1]  "The court should freely give leave when justice so requires."[2]  While a district court should have a substantial reason to deny a request for leave to amend,[3] "that generous standard is tempered by the necessary power of a district court to manage a case."[4]  The court may consider various factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[5]  Ultimately, however, "[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court."[6]

To determine whether a complaint is futile, courts apply the same standard of legal sufficiency as applied under Rule 12(b)(6) of the Federal Rules of Civil

---

[1]     Fed. R. Civ. P. 15(a).

[2]     Fed. R. Civ. Proc. 15(a)(2).

[3]     *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

[4]     *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

[5]     *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

[6]     *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993)).

Procedure.⁷ Therefore, the amended complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.⁸

**B.     <u>The Proposed Amendment Should Not Be Permitted</u>**

In order for the plaintiff to have fully briefed his arguments in support of the proposed amendment to the complaint, the proposed reply brief will be allowed. However, there are three reasons why the proposed amendment to the complaint will not be permitted.

First, it would be futile to allow the amendment in order for the plaintiff to assert a claim against the State of Louisiana. The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state has consented to suit or Congress has expressly abrogated immunity.⁹ Louisiana has not waived sovereign immunity.¹⁰ Instead, the Louisiana legislature enacted La. R.S. 13:5106(A), which expressly prohibits suits against the State of Louisiana, a state agency, or a political

---

⁷     *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5ᵗʰ Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3ʳᵈ Cir. 2000)).

⁸     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

⁹     *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5ᵗʰ Cir. 2013).

¹⁰    *Raj v. Louisiana State Univ.*, 714 F.3d at 328.

4

subdivision of the state in any court other than a Louisiana state court. Further, Congress did not abrogate the states' Eleventh Amendment immunity by enacting Section 1983.[11] Therefore, any claim asserted by the plaintiff against the State of Louisiana would be barred by sovereign immunity.

In fact, the plaintiff's official-capacity claims against Col. Edmonson, Trooper Bruner, Trooper Hanks, and Trooper Bouillion were dismissed for lack of subject-matter jurisdiction earlier in this litigation because they actually were claims against an agency or alter ego of the State of Louisiana. (Rec. Doc. 22 at 8; Rec. Doc. 29 at 6; Rec. Doc. 30). Any claim permitted now against the State of Louisiana would similarly have to be dismissed for lack of subject-matter jurisdiction. Since the claim would be barred if asserted, it would be futile to permit an amendment to the plaintiff's complaint to assert such a claim.

Second, the proposed amendment should not be permitted because it would assert claims that the plaintiff could have – and should have – articulated much earlier in the litigation. In the proposed amendment, the plaintiff seeks to assert a new contract-based claim based on a $300,000 bond allegedly issued at the time of his arrest in 2010. If allowed, this new claim would have a prescriptive period

---

[11] *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002); *Brennan v. Stewart*, 834 F.2d 1248, 1251 (5th Cir. 1988); *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

longer than the plaintiff's claims that were dismissed as prescribed. Thus, the plaintiff seeks to overcome the court's earlier summary judgment ruling by asserting a wholly new claim nine years after the events sued upon and six years after the initiation of the lawsuit.

Although leave of court to amend a complaint should generally be freely given, this rule "is not a mechanical absolute," and a "busy court need not allow itself to be imposed upon by the presentation of theories *seriatim*."[12] After a motion for summary judgment has been granted, as in this case, the court has more reason for refusing to allow amendment of the complaint because the concern for finality is more compelling and the litigants have had their day in court with regard to the merits of the claim.[13] The Fifth Circuit has held that a district court does not abuse its discretion when it refuses to allow the amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment and no valid reason was shown for the party's failure to present the new theory at an earlier point in the litigation.[14] In this case, the plaintiff was aware that he was subject to a bond at the initiation of the lawsuit and any contractual claim arising out of that bond

---

[12] *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468-69 (5th Cir. 1967).

[13] *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

[14] *Henry's Marine Service, Inc. v. Fireman's Fund Ins. Co.*, 193 Fed. App'x 267, 276 (5th Cir. 2006) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d at 470).

could have been asserted when the lawsuit was commenced in 2013, a motion for summary judgment has already been resolved and another one is pending, and no reason for the delay in asserting a claim based on the bond was articulated. Accordingly, there is no sound reason for permitting the proposed amended complaint so that the contract-based claim can be litigated.

Third, the other proposed amendments to the plaintiff's complaint would again allege facts concerning claims against the defendants that are related to the accident and the investigation of the accident that were previously dismissed on summary judgment. Following the issuance of a ruling on the merits of a claim, the proper procedural method for seeking to have such a ruling overturned is to appeal the ruling to a higher court not to amend the complaint to again assert claims against the same defendants. This procedure serves the goals of pursuing finality in court proceedings and avoiding unnecessary delay in reaching finality. The plaintiff in this lawsuit has already been permitted to amend his complaint on two prior occasions; a motion for summary judgment was fully briefed, argued, and ruled upon; and the plaintiff has failed to articulate a reason why he failed to include in his earlier complaints the factual allegations and theories of liability that are sought to be added in the proposed amendment. Thus, his arguments for seeking amendment are unpersuasive and lacking in merit.

In summary, there is no valid reason for amending the complaint with regard to the original defendants, it would be futile to allow the addition of the State of Louisiana as a defendant in the lawsuit, and the proposed addition of a contract-based claim should have been asserted earlier in the litigation. For these reasons, the proposed amendment to the plaintiff's complaint is denied.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for leave to file a reply brief in support of his motion for leave to amend the complaint (Rec. Doc. 132) is GRANTED, and

IT IS FURTHER ORDERED that the plaintiff's motion for leave of court to file a third amended and supplemental complaint (Rec. Doc. 124) is DENIED.

Signed at Lafayette, Louisiana, on June 10, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE