UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILLIE FRANCISCO | CIVIL ACTION NO. 6:13-cv-00815 |
| VERSUS | JUDGE JUNEAU |
| MICHAEL EDMONDSON, ET AL. | MAGISTRATE JUDGE HANNA |

**ORDER**

Currently pending are the defendants' motion to stay discovery (Rec. Doc. 139) and the defendants' motion for expedited consideration of the motion to stay discovery (Rec. Doc 140). This Court finds that oral argument on the pending motions is not necessary. The motion for expedited consideration is GRANTED, and the motion to stay discovery is DENIED, for the following reasons.

According to the defendants' briefing, the plaintiff propounded written discovery requests approximately one week before the defendants filed a motion for summary judgment seeking dismissal of the plaintiff's remaining claim. The motion for summary judgment is set for hearing on August 15, 2019. The defendants seek to have all discovery in this action stayed until after the hearing is held and the motion is decided.

The defendants argued in support of the motion for expedition and also in support of the motion for stay that the discovery requests do not seek any new information or documents relevant or necessary to decide the merits of the sole

remaining claim, and they explained that they seek to avoid the fees, costs, or expenses that would be incurred in responding to the discovery requests. They suggested that having to respond to the discovery requests would require an unnecessary or even frivolous expenditure of taxpayer dollars.

But whether there are any factual issues remaining to be resolved is an inquiry that can only be resolved when the pending motion for summary judgment is decided. Therefore, the defendants are putting the cart before the horse, asking the court to cease discovery before their motion for summary judgment is decided on the basis that they are confident they will prevail. While this Court has the authority to exercise its discretion and stay discovery pending the resolution of a pending motion for summary judgment,[1] this Court is not in a position to predict whether the defendants will prevail on the motion for summary judgement. To the extent that the discovery requests are duplicative of discovery previously propounded, as the defendants argued, the defendants may simply refer the plaintiff to the prior responses. To the extent that the plaintiff is seeking the production of new information including training manuals, trial exhibits, and insurance policies, which the defendants argued are not necessary to the resolution of the plaintiff's remaining

---

1 *Carder v. Continental Airlines, Inc.*, 595 Fed. App'x 293, 300 (5th Cir. 2014) (quoting *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir.1988)).

malicious prosecution claim, the defendants may file a motion for a lesser protective order under Fed. R. Civ. P. 26. The defendants have not established that the costs they are seeking to avoid are extraordinary in any sense. It appear, instead, that they are merely the typical costs associated with discovery in any civil litigation. A full and complete stay of all discovery is a drastic remedy that this Court, exercising its broad discretion to decide discovery issues,[2] finds to be disproportionate to the defendants' arguments. Therefore,

IT IS ORDERED that the motion for expedited consideration (Rec. Doc. 140) is GRANTED and the motion for a stay of discovery (Rec. Doc. 139) is DENIED.

Signed at Lafayette, Louisiana, on June 13, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

2     *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).